[Cite as *State v. Cornett*, 2009-Ohio-3531.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                      CASE NO.  13-09-13

    v.

TODD E. CORNETT,                          O P I N I O N

    DEFENDANT-APPELLANT.


**Appeal from Tiffin Municipal Court**
**Trial Court No. 08 TRC 917**

**Judgment Affirmed**

**Date of Decision:    July 20, 2009**


APPEARANCES:

    *Richard A. Kahler*  for Appellant

    *Richard A. Palau*  for Appellee

**ROGERS, J.**

{¶1} Defendant-Appellant, Todd Cornett, appeals the judgment of the Tiffin Municipal Court finding him guilty on one count of driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a), sentencing him to a sixty-day jail term, placing him on two years of community control, directing six points to be placed on his operator's license, and ordering him to pay a $250 fine. On appeal, Cornett argues that there is insufficient evidence to sustain his conviction, as the State failed to prove that he was the operator of the vehicle, or that he was under the influence of alcohol at the time of operating the vehicle. Finding there to be sufficient evidence to support Cornett's conviction, we affirm the judgment of the trial court.

{¶2} In April 2008, Cornett was cited for driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree; driving under suspension in violation of R.C. 4510.11(A), a misdemeanor of the first degree; operation without reasonable control in violation of R.C. 4511.202, a minor misdemeanor; and, operating a vehicle with expired registration in violation of R.C. 4503.11(A), a misdemeanor of the fourth degree. The citation arose from an incident whereby it is alleged that Cornett lost control of the all-terrain vehicle ("ATV") he was operating while under the influence of alcohol, causing him to be thrown from the vehicle and to sustain a cut and

multiple contusions to his head, for which he was hospitalized. Subsequently, Cornett entered a plea of not guilty to all charges in the citation.

{¶3} In July 2008, the case proceeded to a bench trial, at which, prior to the presentation of evidence, the trial court dismissed, at the State's request, the charges of driving under suspension and operating a vehicle with expired registration. Subsequently, Sean Tyler, firefighter and paramedic for the City of Tiffin, testified that he was called to the scene of an ATV accident on April 5, 2008; that, when he arrived at the scene of the accident with his partner, Mark Wagner, he observed an ATV lying on its side with Cornett lying on his back at the front of the vehicle; that he did not observe any other individuals at the crash scene; that Cornett had a laceration to his forehead with a contusion around the laceration; that Cornett was transported to the hospital; that, while on route to the hospital, Cornett told him that he had consumed around fifteen beers that evening; and, that Cornett became combative when he attempted to take a set of vitals from him, so he contacted the Tiffin Police Department to meet them at the hospital.

{¶4} Trooper Gary Odom from the Ohio State Highway Patrol testified that, on April 5, 2008, he was dispatched to the scene of an accident involving an ATV at the intersection of County Road 11 and Township Road 135; that, when he arrived at the scene, emergency personnel were already present, and he observed Cornett and an ATV "that was up on all fours" (trial tr., p. 21); that,

besides emergency personnel, Cornett was the only individual present; that there was a lot of debris on the roadway, including clothing, tools, and broken pieces from boxes that were on the ATV; that he conducted an investigation of the crash scene, including taking photographs and measurements, and, based on the evidence, he believed the ATV had rolled over during the accident; that, after completing his investigation, he proceeded to the hospital to speak with Cornett; that, upon arriving at the hospital, he observed Cornett with a very red and flushed face, glassy and bloodshot eyes, and foam on the side of his mouth; and, that Cornett also had slurred speech, and there was a very strong odor of an alcoholic beverage about Cornett and in the room.

{¶5} At the close of the State's presentation of evidence, Cornett moved for a judgment of acquittal on all charges pursuant to Crim.R. 29, asserting that insufficient evidence existed to establish that he was the operator of the ATV, and that he was under the influence of alcohol at the time of operating the ATV. Subsequently, the trial court overruled the motion, and, after Cornett did not present evidence in his defense, it requested written briefs in lieu of closing arguments.

{¶6} In January 2009[1], the trial court issued a journal entry finding

Cornett guilty; however, the entry did not specifically state for which offenses a

guilty finding was made. The entry stated, in pertinent part:

> **In this case, there is no direct evidence of the defendant's operation of the ATV. However, there is a plethora of circumstantial evidence to support the same. Paramedic Tyler testified that when he arrived on the scene, the defendant was lying on his back next to the flipped ATV. He also testified that the defendant had a strong smell of alcohol, slurred speech, bloodshot eyes, and admitted to having drank [sic] 15 beers before the incident. Trooper Odom testified as to the position and condition of the ATV as well as the same indicia of intoxication testified to by the paramedic. No other witnesses or individuals involved in the accident could be located. Based upon his investigation, he testified that the physical evidence supported his conclusion that the defendant had been driving the ATV when the defendant rolled the ATV, injuring his forehead and bending the handlebars.**
>
> **\* \* \***
>
> **Although Trooper Odom nor [sic] Paramedic Tyler did not observe defendant driving erratically, based upon physical evidence, this Court finds sufficient evidence of the operation by the defendant and the time of operation. In addition, \* \* \* [Cornett's] behavior, appearance, and smell, support the Court's conclusion that the defendant was impaired at the time of the accident. Accordingly, this Court finds that the State has proven the defendant's guilt beyond a reasonable doubt, and is hereby found guilty.**

(Jan. 2009 Journal Entry, pp. 4-7).

---

[1] We find nothing in the record to explain the six month delay in deciding the case.

{¶7} In February 2009, the trial court sentenced Cornett to a sixty-day jail term, placed him on two years of community control, directed six points to be placed on his operator's license, and ordered him to pay a $250 fine.[2]

{¶8} It is from his conviction and sentence that Cornett appeals, presenting the following assignment of error for our review.

> **THE EVIDENCE IN THE RECORD IS INSUFFICIENT TO PROVE THE DEFENDANT GUILTY BEYOND A REASONABLE DOUBT AND THUSLY SUPPORT HIS CONVICTION.**

{¶9} In his sole assignment of error, Cornett argues that his conviction is not supported by sufficient evidence. Specifically, he contends that the State failed to present sufficient evidence to establish that he was the operator of the ATV, and that he was under the influence of alcohol at the time of operating the ATV, in order for the trial court to convict him of driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a). We disagree.

{¶10} When an appellate court reviews a record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to

---

[2] We note that the trial court's judgment entry of conviction presented on appeal only listed the offense of driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a), despite the fact that the State proceeded to trial on charges of both driving while under the influence of alcohol and operation without reasonable control. Furthermore, neither party has raised the issue of whether there is a conviction for the offense of operation without reasonable control, and there is nothing contained in the record indicating a dismissal of this charge. We further note that the trial court's decision included findings of fact. A decision in a criminal case tried without a jury should contain only a general finding. Crim.R 23(C).

the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Monroe*, 105 Ohio St.3d 384, 392, 2005-Ohio-2282, citing *State v. Jenks* (1981), 61 Ohio St.3d 259, superseded by state constitutional amendment on other grounds as stated in *State v. Smith*, 80 Ohio St.3d 89, 1997-Ohio-355. Sufficiency is a test of adequacy, *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, and the question of whether evidence is sufficient to sustain a verdict is one of law. *State v. Robinson* (1955), 162 Ohio St. 486, superseded by state constitutional amendment on other grounds as stated in *Smith*, supra.

{¶11} Direct evidence of a fact is not a prerequisite for a trial court to make a finding of that fact. See *State v. Lott* (1990), 51 Ohio St.3d 160, 167; *Michalic v. Cleveland Tankers, Inc.* (1960), 364 U.S. 325, 330. Circumstantial evidence and direct evidence have the same probative value, *State v. Gillman*, 3d Dist. No. 14-08-08, 2008-Ohio-2606, ¶17, citing *Jenks*, 61 Ohio St.3d at 272, and "'[c]ircumstantial evidence * * * may also be more certain, satisfying and persuasive than direct evidence.'" *Lott*, 51 Ohio St.3d at 167, quoting *Michalic*, 364 U.S. at 330. Furthermore, "'[w]hen the state relies on circumstantial evidence to prove an essential element of the offense charged, there is no need for such evidence to be irreconcilable with any reasonable theory of innocence in order to

support a conviction.'" *State v. Williams*, 73 Ohio St.3d 153, 165, 1995-Ohio-275, quoting *Jenks* (1981), 61 Ohio St.3d 259, at paragraph one of the syllabus.

**{¶12}** Direct evidence is "evidence that is based on personal knowledge or observation and that, if true, proves a fact without inference or presumption." Black's Law Dictionary (8 Ed.2004) 596. Circumstantial evidence is "evidence based on inference and not on personal knowledge or observation." Id at 595. Furthermore, circumstantial evidence has been defined as "the proof of certain facts and circumstances in a given case, from which the jury may infer other connected facts which usually and reasonably follow according to the common experience of mankind." *State v. Duganitz* 76 Ohio App.3d 363, 367, citing Black's Law Dictionary (5 Ed.1979) 221. Ohio Jury Instructions offers the following definitions that are helpful in understanding the nature of circumstantial evidence:

> **Direct evidence is the testimony given by a witness who has seen or heard the facts to which he testifies. It includes exhibits admitted into evidence during the trial; Circumstantial evidence is the proof of facts or circumstances by direct evidence from which you may reasonably infer other related or connected facts which naturally and logically follow, according to the common experience of mankind; To infer, or to make an inference, is to reach a reasonable (conclusion) (deduction) of fact which you may, but are not required to, make from other facts which you find have been established by direct evidence. \* \* \***

Ohio Jury Instructions (2008), Section CR 409.01(3)(4)(5).

{¶13} While an inference may be made from direct evidence that has been proven beyond a reasonable doubt, it is not permissible to make an inference from circumstantial evidence, or inference upon inference. See *State v. Cowans*, 87 Ohio St.3d 68, 78, 1999-Ohio-250.

{¶14} In the case at bar, Cornett was convicted of driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a), which provides:

**(A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:**

**(a) The person is under the influence of alcohol, a drug of abuse, or a combination of them.**

{¶15} Additionally, R.C. 4511.01(A) gives the definition of a vehicle as:

**[E]very device, including a motorized bicycle, in, upon, or by which any person or property may be transported or drawn upon a highway, except that "vehicle" does not include any motorized wheelchair, any electric personal assistive mobility device, any device that is moved by power collected from overhead electric trolley wires or that is used exclusively upon stationary rails or tracks, or any device, other than a bicycle, that is moved by human power.**

{¶16} Although there was no direct evidence establishing that Cornett was the operator of the ATV, which clearly falls under the definition of a vehicle for purposes of R.C. 4511.19(A)(1)(a), we find that there was sufficient circumstantial evidence from which the trial court could conclude that Cornett was driving the vehicle. Both Firefighter and Paramedic Sean Tyler and Trooper Gary Odom

testified that they did not observe other individuals present at the crash site besides emergency personnel. If another individual would have been driving the vehicle, it is probable that this person would also have been present at the scene of the accident, as he likely would have sustained injuries precluding him from fleeing the scene. Additionally, Tyler testified that Cornett was laying at the front of the ATV when he arrived on the scene, further evidence that he was driving the vehicle. Furthermore, Odom testified to seeing debris from broken boxes, tools, and clothing that were on the ATV, which would likely preclude another individual from riding on the vehicle.

{¶17} Moreover, we find that there was sufficient credible evidence to establish that Cornett was under the influence of alcohol while operating the ATV, including his own statement to Tyler that he had consumed fifteen beers that evening, and Odom's testimony of Cornett's flushed face, bloodshot eyes, slurred speech, and of the intense odor of alcohol about Cornett. Although there was no direct evidence affirmatively establishing that Cornett was under the influence of alcohol at the time of operating the ATV, circumstantial evidence clearly establishes this fact, as Cornett was still exhibiting signs of intoxication shortly after the accident.

{¶18} Although we do note that some of the trial court's findings in its journal entry are not supported by testimony from the record, such as the trial

court's statement that Tyler testified to smelling alcohol on Cornett and to seeing his bloodshot eyes, we find there to be sufficient evidence presented by the State from which the trial court could have found all the essential elements of the crime proven beyond a reasonable doubt.

{¶19} Accordingly, we overrule Cornett's assignment of error.

{¶20} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**